# In the United States District Court for the Southern District of Georgia Brunswick Division

GERALDINE EADY,

Plaintiff,

v.

STARMOUNT LIFE INSURANCE COMPANY,

Defendant.

2:25-CV-75

## ORDER

Before the Court is Defendant Starmount Life Insurance Company's ("Starmount") motion to dismiss. Dkt. No. 20. Plaintiff Geraldine Eady filed a response, dkt. no. 21, and Starmount filed a reply, dkt. no. 23. For the following reasons, the Court **GRANTS** Starmount's motion to dismiss and **DISMISSES** the amended complaint **with prejudice**.

## BACKGROUND[1]

This case arises from a dispute between Plaintiff and Starmount concerning the distribution of life insurance benefits. Dkt. No. 1-1. Plaintiff initiated this action on April 3, 2025, in the Superior Court of Appling County, Georgia. Id. at 3. In the

---

[1] At this stage, the Court must "accept as true all facts alleged in the non-moving party's pleading, and [ ] view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1335 (11th Cir. 2014).

complaint, Plaintiff alleged that, on October 20, 2010, Starmount issued a life insurance policy on behalf of Willie C. Eady, and the policy named Plaintiff as the beneficiary. Id. ¶ 3. Plaintiff alleged that Mr. Eady died on March 9, 2014, id. ¶ 4, and that Plaintiff subsequently made a demand on the policy for $50,000, which Starmount refused to pay, id. ¶¶ 5–6. Plaintiff brought a bad faith claim under O.C.G.A. § 33-4-6,[2] stating that Starmount should be required to pay the money originally owed under the policy, plus fifty percent of the face value of the policy and attorney's fees. Id. ¶ 7.

Starmount removed the case to federal court, dkt. no. 1 ¶ 3, and then filed a motion for judgment on the pleadings, arguing that Plaintiff's claim is barred by the applicable statute of limitations and by the terms of the policy itself, dkt. no. 7. The Court held a hearing on January 12, 2026, orally denied the motion for judgment on the pleadings, and ordered the parties to conduct discovery on the issues raised in the motion by April 12, 2026, and file any motions by May 1, 2026. Dkt. No. 16.

[2] The statute authorizes actions for an insurance company's bad faith refusal to pay proceeds from a covered loss. O.C.G.A. § 33-4-6(a). The policy holder may sue if the insurer fails to pay within sixty days of a demand by the policy holder. Id. The statute further renders the insurer liable for the loss itself, not more than fifty percent of the liability for the loss (or $5,000, whichever is greater), and reasonable attorney's fees. Id.

On March 11, 2026, Plaintiff filed a motion to amend. Dkt. No. 17. The Court granted the motion as unopposed, dkt. no. 18, and on April 2, 2026, Plaintiff filed the amended complaint, dkt. no. 19.

In the amended complaint, Plaintiff alleges that Starmount is headquartered in Louisiana and holds "unclaimed life insurance proceeds on the life of Willie C. Eady in the approximate amount of $33,225.34." Dkt. No. 19 ¶¶ 2-3. Plaintiff contends the Louisiana Uniform Unclaimed Property Act of 1998 ("LUUPA") "requires that unclaimed funds in the hands of the insurance company be turned over to the Louisiana State Treasurer and placed in its unclaimed property division." Id. ¶ 4. Plaintiff requests purely injunctive relief, stating that she "has no adequate remedy at law, and that she will be irreparably harmed if Defendant does not place the unclaimed insurance proceeds with the Treasurer of the State of Louisiana as required by Louisiana law." Id. ¶ 5. Plaintiff "requests the Court to require Defendant to place the unclaimed life insurance proceeds with the Treasurer of the State of Louisiana." Id. Plaintiff also asks for attorney's fees. Id. ¶ 6.

Starmount subsequently filed this motion to dismiss, arguing that Plaintiff has no standing to assert a claim under LUUPA and that the amended complaint fails to state a claim for relief. Dkt. No. 20.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide certain procedural thresholds that a complaint must satisfy to withstand a motion to dismiss. One such example is Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard does not mandate "detailed factual allegations," but a complaint will fall short of this threshold if it contains merely "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

When analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the core inquiry is whether a complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). This means that a plaintiff must plead sufficient facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While this is not a "probability requirement," the plausibility standard does require "'more than a sheer possibility' that the plaintiff's allegations are true." Gissendaner v. Comm'r, 803 F.3d 565, 568 (11th Cir. 2015) (quoting Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Courts employ a series of "working principles" to determine whether a pleading satisfies this test. See, e.g., id. at 663–64 (citing Twombly, 550 U.S. at 555–56). For example, the Court must accept the facts alleged in the complaint as true and construe them in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016) (citing Ironworkers Local Union 68 v. AstraZeneca Pharms., LP, 634 F.3d 1352, 1359 (11th Cir. 2011)). However, conclusory allegations are not afforded the same assumption of truth. Iqbal, 556 U.S. at 678; see also Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) ("A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth[.]").

As a result, the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met. Iqbal, 556 U.S. at 678–79. Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Finally, the Court need not "accept as true a legal

conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## DISCUSSION

Starmount presents four primary arguments in its motion. First, Starmount argues that, by filing the amended complaint, Plaintiff abandoned her bad-faith claim in the original complaint. Dkt. No. 20-1 at 4. Second, Starmount argues that Plaintiff does not have standing to sue under LUUPA. Id. at 6–9. Third, Starmount argues that Plaintiff fails to plausibly allege a claim under LUUPA. Id. at 9–11. Fourth and finally, Starmount argues that, even if Plaintiff's substantive claims have merit, her claim for attorney's fees does not. Id. at 12–13.

### I. The Amended Complaint Is the Operative Pleading

In the original complaint, Plaintiff alleged that Starmount owed her the proceeds of an insurance policy of which she was a beneficiary, asserting rights under O.C.G.A. § 33-4-6. Dkt. No. 1-1. The amended complaint, however, includes no such claim and is based entirely on Plaintiff's allegations concerning LUUPA. Dkt. No. 19. Starmount argues that, by filing the amended complaint, Plaintiff abandoned her claims from the original complaint. Dkt. No. 20 at 4 ("[Plaintiff's] Motion [to amend] was granted and the proposed amended complaint attached thereto was docketed as this action's operative pleading.").

Plaintiff responds that the amended complaint was never meant to supplant the allegations in the original complaint. Dkt. No. 21-1 at 4-5. Plaintiff urges that Starmount over-relies on "hyper-technical requirements" that "hearken back to the days when cases rose and fell not on merit but on nomenclature." Id. at 5. Plaintiff also insinuates, without asserting directly, that she intended to file a supplemental complaint rather than an amended complaint. Id. ("Starmount apparently relies for these assertions on the time-worn technicality of 'amended' pleadings versus 'supplemental' pleadings."). Starmount, in reply, insists that Plaintiff's assertions "are foreclosed by applicable law" and that the amended complaint does not "preserve[] or include[] the original complaint's request to have the Policy Benefits paid to [Plaintiff]." Dkt. No. 23 at 7.

Starmount is correct. It is black letter law in this Circuit that "an amended complaint supersedes the complaint it amends and becomes the operative complaint in the action." Barnett v. Baldwin Cnty. Bd. of Educ., 60 F. Supp. 3d 1216, 1224 (S.D. Ala. 2014) (citing Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1242 (11th Cir. 2007)). "That means that specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." Gross v. White, 340 F. App'x 527, 534 (11th Cir. 2009) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.3d 594, 601 (5th Cir. 1981)); see

also Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) (finding, upon the filing of an amended complaint, that the original complaint "became a legal nullity"). The only recognized way to ensure that claims asserted in an original complaint are retained in the amended complaint (absent re-asserting them) is if "the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted).

When Plaintiff filed her motion for leave to amend, she stated that she sought leave to file an amended complaint and attached the proposed amended complaint. Dkt. No. 17. Then, when the Court granted Plaintiff leave to amend, the Court instructed the Clerk to docket the amended complaint as "the operative pleading in this case." Dkt. No. 18. The amended complaint itself contains no mention of the original complaint. See Dkt. No. 19. The amended complaint does not specifically or generally reference the earlier pleading. See id. As a result, and because the filing of an amended complaint renders the initial pleading a legal nullity, the amended complaint must supersede the original complaint in its entirety.

Plaintiff's citations to authority do not support her position that the amended complaint supplements—rather than replaces—the original complaint. Plaintiff makes some indication, though unclear, that the Court should disregard "mislabeling pleadings as amendments or supplements." Dkt. No. 21-1 at 5. The

distinction is irrelevant to these facts, however. A supplemental pleading is one that sets out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).[3] Far from some draconian trap for the unworthy, these pleading rules are clear and longstanding. The amended complaint contains no indication that it concerns any occurrence or transaction that took place after the date of the original complaint, so whether Plaintiff "mislabeled" the pleading is not an issue before the Court. Plaintiff clearly and unambiguously filed an amended complaint, and the Court views the pleading as such. The amended complaint, dkt. no. 19, is the operative pleading in this case, and the original complaint, dkt. no. 1, is a legal nullity.

## II. Plaintiff Fails to State a Claim[4]

### A. LUUPA is not Extrinsic Evidence

Plaintiff argues that Starmount's motion to dismiss for failure to state a claim "hinges on reference to an extraneous

---

[3] As a Federal Rule of Civil Procedure, Rule 15 is binding on federal courts, which "have no more discretion to disregard a Rule's mandate than they do to disregard constitutional or statutory provisions." Lillian B. v. Gwinnett Cnty. Sch. Dist., 631 F. App'x 851, 853 (11th Cir. 2015) (quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988)). Therefore, Plaintiff's assertion that there is "some authority holding that an amendment to pleadings replaces earlier pleadings, while supplemental pleadings add to existing pleadings" misrepresents the binding nature of that authority. Dkt. No. 21-1 at 5.

[4] The parties frame their arguments as a standing inquiry, but because the question presented concerns statutory authorization to

source: an alleged Louisiana statute." Dkt. No. 21-1 at 4. Plaintiff further argues that "such references beyond the four corners of the pleadings are forbidden in Rule 12(b)(6) dismissal motions." Id.

Plaintiff misinterprets the law regarding incorporation. It is true that a court may not generally consider *evidence* outside the pleadings without converting a motion to dismiss into a motion for summary judgment. Baker v. City of Madison, 67 F.4th 1268, 1276 (11th Cir. 2023) (citation omitted). A statute is not, however, "evidence," but legal authority that a court may consider. And even if LUUPA could be construed as evidence, the Court could still consider it because it forms the basis of Plaintiff's claim. See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010) (finding that a district court may consider an extrinsic document that is "central to the plaintiff's claim" (citation omitted)). It would defy logic for a plaintiff to sue under a statute and then argue that the Court could not consider that statute because it was extrinsic to the complaint. The Court

sue, the issue is properly framed as a Rule 12(b)(6) failure-to-state-a-claim inquiry. See Monfort v. CKCG Health Care Servs., No. 1:19cv354, 2020 WL 9599954, at *8 (N.D. Ga. May 20, 2020) ("Thus, if a plaintiff lacks statutory standing—in other words, does not have a cause of action—the proper course is to dismiss for failure to state a claim." (quoting Galaria v. Nationwide Mut. Ins. Co., 663 F. App'x 384, 391 (6th Cir. 2016))).

can and must consider LUUPA to evaluate Plaintiff's claim with regard to Starmount's motion to dismiss.

**B. LUUPA Does Not Allow Suits of this Nature**

Plaintiff bases her claim—for Starmount to turn over unpaid funds under the policy to the Louisiana State Treasurer—entirely on the requirements of LUUPA. Dkt. No. 19 ¶ 5. LUUPA does not, however, include any avenue for an individual in Plaintiff's position to sue for enforcement.

LUUPA provides for the payment or delivery of abandoned property "to the administrator," after which point "the state assumes custody and responsibility for the safekeeping of the property." La. R.S. § 9:162. The statute defines the "administrator" as the state treasurer.[5] La. R.S. § 9:153(1). There is nothing in LUUPA to indicate that a private individual can sue an insurance company to compel the company to comply with the statute and deliver abandoned property to the State of Louisiana. "Rather, the Act permits only the Administrator to file an action against the holder for its failure to report, pay, or deliver property." Succession v. Encompass Indem. Co., 60 F. Supp. 3d 722,

---

[5] See also Albach v. Kennedy, 801 So. 2d 476, 478-79 (La. App. 1 Cir. 2001) ("[H]olders of property that is deemed abandoned by virtue of its having been unclaimed for a certain period of time are required to report its existence to the state. If the owners are not found, the property is turned over to the state, which holds it in perpetual custody for the missing owners.").

730 (W.D. La. 2014). As a result, Plaintiff has not alleged a right that the Court could possibly enforce.[6]

**C. Attorney's Fees**

Generally, in Georgia, attorney's fees are awardable only "where the plaintiff has specially pleaded and has made a prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13-6-11. In the amended complaint, Plaintiff does not specifically plead attorney's fees and makes no allegation that Starmount has acted in bad faith, has been stubbornly litigious, or has caused unnecessary trouble and expense. See Dkt. No. 19. The only reference to attorney's fees in the amended complaint is Plaintiff's request that "she be awarded attorney fees from the Defendant for the cost of bringing this claim for injunctive relief." Id. ¶ 6. A request for attorney's fees is properly pleaded only "if it references the statute or the criteria set forth therein." Shea v. Best Buy Homes, 533 F. Supp. 3d 1321, 1343 (N.D. Ga. 2021) (citation and quotation marks omitted). Because Plaintiff's amended complaint does not reference the statute under which she seeks attorney's fees or the criteria

[6] LUUPA does provide private individuals with the right to sue in some contexts, but none of those provisions are relevant here. See, e.g., La. R.S. § 9:168 ("A person aggrieved *by a decision of the administrator* . . . may maintain an action de novo to establish the claim in a court of competent jurisdiction in [Louisiana], naming the administrator as a defendant." (emphasis added)).

set forth in such statute, Plaintiff fails to specifically plead a request for attorney's fees. Further, Plaintiff's request for attorney's fees is also subject to dismissal because her underlying claim is due to be dismissed. Id. ("[T]he plaintiff's ability to state a claim under O.C.G.A. § 13-6-11 depends on whether it has stated at least one viable substantive claim in its complaint." (citation and quotation marks omitted)).

**III. Dismissal With Prejudice**

Plaintiff has not requested leave to amend her complaint a second time and, generally, a dismissal pursuant to Rule 12(b)(6) is a judgment on the merits. Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc., 673 F. App'x 925, 929 (11th Cir. 2016). Judgment on the merits is "presumed to operate as a dismissal with prejudice unless the district court specifies otherwise." Id. The Court "need not provide specific justification for dismissing with prejudice, as this is the default effect of a proper Rule 12(b)(6) dismissal. Id. See also Dkt. No. 20 at 1. In addition, "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002). Therefore, dismissal with prejudice is appropriate here.

## CONCLUSION

For these reasons, the Court **GRANTS** Starmount's motion to dismiss, dkt. no. 20, and **DISMISSES** the amended complaint **with prejudice**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 6th day of November, 2026.

_________________________________
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA